UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 12 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FRANCOIS TABI,

        Plaintiff - Appellee,

 v.

CHRISTOPHER LUZADER, Officer of
Santa Ana College; et al.,

        Defendants - Appellants,

and

CLAUDIA ALVAREZ, Trustee of Santa
Ana College; et al.,

        Defendants.

No. 24-7450

D.C. No.
8:20-cv-00323-HDV-JC
Central District of California,
Santa Ana

ORDER

Before: MCKEOWN, N.R. SMITH, and H.A. THOMAS, Circuit Judges.

The petition for panel rehearing, Dkt. No. 23, is **GRANTED**. The

memorandum disposition filed on May 5, 2026, is hereby amended. The

superseding amended disposition will be filed concurrently with this order.

Judge H.A. Thomas has voted to deny the petition for rehearing en banc, and

Judge McKeown and Judge N.R. Smith so recommend. The full court has been

advised of the petition for rehearing en banc, and no judge of the court has

requested a vote on whether to rehear the matter en banc. *See* Fed. R. App. P. 40.

The petition for rehearing en banc, Dkt. No. 23, is **DENIED**. No further petitions

for panel rehearing or rehearing en banc may be filed.

NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 12 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FRANCOIS TABI,

        Plaintiff - Appellee,

  v.

CHRISTOPHER LUZADER, Officer of
Santa Ana College; RAY STOWELL,
Officer of Santa Ana College; SCOTT
BAKER, Police Officer of Santa Ana
College,

        Defendants - Appellants,

and

CLAUDIA ALVAREZ, Trustee of Santa
Ana College, ARIANNA BARRIOS,
Trustee of Santa Ana College, JOHN
HANNA, Trustee of Santa Ana College,
ZEKE HERNANDEZ, Trustee of Santa Ana
College, LINDA D. ROSE, President of
Santa Ana College, PHILLIP
YARBROUGH, Trustee of Santa Ana
College, LAWRENCE LABRADO, Trustee
of Santa Ana College, NELIDA
MARTINEZ, Trustee of Santa Ana College,

        Defendants.

No. 24-7450

D.C. No.
8:20-cv-00323-HDV-JC

AMENDED MEMORANDUM[*]

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted April 30, 2026[**]

Before: MCKEOWN, N.R. SMITH, and H.A. THOMAS, Circuit Judges.

Christopher Luzader, Ray Stowell, and Scott Baker (collectively, "the officers") appeal the district court's denial of their motion for summary judgment based in part on qualified immunity. We review de novo a district court's denial of summary judgment, "including officers' entitlement to qualified immunity." *Cardenas-Ornelas v. Johnson*, 165 F.4th 1234, 1239 (9th Cir. 2026) (quoting *Jones v. City of North Las Vegas*, 150 F.4th 1030, 1035 (9th Cir. 2025)). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

"When evaluating a denial of summary judgment on the issue of qualified immunity, our review is limited to the 'purely legal issue whether the facts alleged . . . support a claim of clearly established law.'" *Alston v. Read*, 663 F.3d 1094, 1098 (9th Cir. 2011) (quoting *Moran v. Washington*, 147 F.3d 839, 843 (9th Cir.1998)). We therefore "assum[e] that the version of the material facts asserted by the non-moving party is correct." *Cardenas-Ornelas*, 165 F.4th at 1239

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(quoting *Jeffers v. Gomez*, 267 F.3d 895, 903 (9th Cir. 2001) (per curiam)). Tabi argues that the officers merely raise factual disputes and that we therefore do not have jurisdiction to consider this appeal. Accepting Tabi's version of material facts as true, we have jurisdiction to consider if qualified immunity applies. *See id.*; *Alston*, 663 F.3d at 1098. To determine whether officials are entitled to qualified immunity, we "must decide 'whether "the officer's conduct violated a constitutional right" and whether "the right was clearly established" at the time of the alleged misconduct.'" *Cardenas-Ornelas*, 165 F.4th at 1239–40 (quoting *Alston*, 663 F.3d at 1098).

First, the district court correctly held that a reasonable jury could conclude that there was a "substantial causal relationship" between Tabi's protected exercise of speech on campus and the officers' adverse actions against him. *Ballentine v. Tucker*, 28 F.4th 54, 61 (9th Cir. 2022). A reasonable jury could conclude that the officers' "retaliatory animus [against Tabi] was 'a "but for" cause'" of their enforcement actions against him, *Capp v. County of San Diego*, 940 F.3d 1046, 1053 (9th Cir. 2019) (quoting *Nieves v. Bartlett*, 587 U.S. 391, 399 (2019)), because the actions occurred while Tabi was seeking the campus free speech area and because the officers ordered that he leave campus, threatened to arrest him, and banned him from campus shortly after Tabi made a comment about being "harassed and insulted by white Police Officers." *See Boquist v. Courtney*, 32 F.4th

764, 777 (9th Cir. 2022) (explaining that "proximity in time between the protected speech and the adverse action" is "circumstantial evidence" of causation). Two of the officers allegedly told Tabi that his comment was "unlawful" before detaining him and then ordering him to leave campus, further bolstering the district court's determination that Tabi had demonstrated causation.[1]

Second, Tabi's right to express himself on campus and speak critically of the officers was clearly established at the time of his confrontation with them. "A right is clearly established when it is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Waid v. County of Lyon*, 87 F.4th 383, 387 (9th Cir. 2023) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). "Police officers have been on notice at least since 1990 that it is unlawful to use their authority to retaliate against individuals for their protected speech." *Ford v. City of Yakima*, 706 F.3d 1188, 1195 (9th Cir. 2013), *abrogated*

---

[1] The officers argue that the objective standard under *Nieves* governing retaliatory arrests should apply here. We have never held that the requirements of *Nieves* apply to campus security officers or to removing an individual from a campus. Even assuming that standard applies here, however, a reasonable jury could conclude that Tabi has met his burden of demonstrating the officers lacked "reasonable cause" under California Penal Code Section 626.4—and, similarly, that they did not act "reasonably" under Section 626.6—when forcing him to leave the campus. The earlier report from a campus employee complaining of Tabi's behavior does not show that the officers had reasonable cause to order Tabi to leave once they were outside the building and after Tabi's comment about "white Police Officers." The proximity between Tabi's criticism of the officers and their adverse actions against him defeat the officers' attempt to use the earlier report as justification for his removal from campus at this stage of the proceedings.

*on other grounds by Nieves v. Bartlett*, 587 U.S. 391 (2019); *see also Beck v. City of Upland*, 527 F.3d 853, 871 (9th Cir. 2008) ("By 1990, it was well established [] that government officials in general, and police officers in particular, may not exercise their authority for personal motives, particularly in response to real or perceived slights to their dignity."); *Duran v. City of Douglas*, 904 F.2d 1372, 1378 (9th Cir. 1990) ("[T]o the extent [the officer] is found to have detained [Plaintiff] as punishment for the latter's insults, we hold that he ought to have known that he was exercising his authority in violation of well-established constitutional rights.").

**AFFIRMED.**